**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


DAVID R. ELLIS,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
SF-0752-13-0283-C-1

DATE: August 10, 2016


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]


<u>David R. Ellis</u>, Gresham, Oregon, pro se.

<u>Michael R. Tita</u>, Esquire, Seattle, Washington, for the agency.


**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The agency demoted the appellant from his EAS-17 position for inflating the mail volume he reported on some of his subordinates' routes. *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 2 (2014). He filed an appeal with the Board, and on September 9, 2014, the Board issued a final decision mitigating the agency's action. *Id*., ¶ 1. In its decision, the Board found that the maximum reasonable penalty was the same type of punishment imposed on a similarly situated employee, R.L.B., who received a letter of warning, in lieu of a 14-day suspension, and a geographic reassignment within the local commuting area. *Id*., ¶ 16. Accordingly, the Board ordered the agency to reinstate the appellant to his EAS-17 position effective February 23, 2013, and to substitute a letter of warning, in lieu of a 14-day suspension, for the reduction in grade. *Id*., ¶ 17. In a footnote to the order language, the Board clarified that the agency "may impose a geographic assignment within the local commuting area, but is not required to." *Id*., ¶ 17 n.7. The Board further ordered the agency to pay the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act. *Id*., ¶ 18.

¶3        On December 1, 2013, the appellant filed a petition for enforcement. *Ellis v. U.S. Postal Service*, MSPB Docket No. SF-0532-13-0283-C-1, Compliance File (CF), Tab 1. In his petition, he argued that the agency had improperly reassigned him to another duty station when it had returned R.L.B. to her original position, and that his reassignment was inconsistent with an August 24, 2012 directive issued by Megan J. Brennan, now Postmaster General. *Id*. He further argued that the agency failed to properly calculate the back pay owed and that he is entitled to additional relief including restored leave and damages resulting from the improper reassignment. *Id*. After considering the party's written submissions, the administrative judge found that the agency had shown that it had fully complied with the Board's order. CF, Tab 12, Compliance Initial Decision. Thus, the administrative judge denied the appellant's petition for enforcement. *Id*.

¶4        On petition for review, the appellant again argues that the agency improperly reassigned him, that the agency erred in its back pay calculations, and that he is entitled to restored leave and damages. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 3.

¶5        Regarding the appellant's claim that the agency improperly reassigned him, the Board's final decision in the underlying appeal explicitly authorized the agency to impose a geographic reassignment within the local commuting area. *Ellis*, 121 M.S.P.R. 570, ¶ 17 n.6; *see id*., ¶¶ 1, 16. The appellant did not seek judicial review of that decision, and he is precluded from challenging the correctness of the Board's final order in the context of this compliance proceeding. *See Ferry v. Department of the Navy*, 32 M.S.P.R. 63, 65 (1986), *aff'd*, 846 F.2d 78 (Fed. Cir. 1988).

¶6        On the issue of back pay, the appellant contends that the agency erred in its calculation because: (1) it did not provide overtime during the back pay period; (2) it failed to extend the back pay period to the date he was placed on administrative leave; (3) it applied an incorrect interest rate; and (4) it computed

interest based on his net pay instead of his gross pay. We agree with the administrative judge that none of these objections have merit.

¶7    First, the record shows that on February 20, 2013, shortly before the effective date of his demotion, the appellant submitted a doctor's note recommending that his work hours be limited to 8 hours per day and 40 hours per week. CF, Tab 1, Exhibit (Ex.) J. The appellant contends that these restrictions are limited to the duties performed by a carrier and do not apply to the supervisory duties he would have performed during the back pay period had he not been demoted. However, the letter does not refer to any particular duties, and the work hour restrictions are without qualification. *Id.* Because the appellant was not ready, willing, and able to work overtime during the period at issue, the agency was not required to include overtime in its back pay calculation. *See Donovan v. U.S. Postal Service*, 101 M.S.P.R. 628, ¶ 6, (2006).

¶8    There is also no merit to the appellant's contention that he should have received back pay for any work hours missed during the period from November 7, 2012, to February 23, 2013, when he was on administrative leave. The Back Pay Act authorizes the Board to award back pay only to the extent that an employee lost pay as a result of an action that the Board, acting within its jurisdiction, found unjustified or unwarranted. *Mattern v. Department of the Treasury*, 88 M.S.P.R. 65, ¶ 10 (finding that Congress, in enacting the Back Pay Act, permitted the Board to award back pay only if an employee lost pay as a result of an action within the Board's purview), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2001). The wrongful action at issue here is the appellant's February 23, 2013 demotion. He did not appeal his preceding placement on administrative leave, and, even if we had jurisdiction to determine the appropriateness of that action, we have not made such a determination. Therefore, our authority to award back pay extends only to the effective date of the demotion. *Id.*, ¶ 11.

¶9    As to the rate of interest, section 436.73 of the Employee and Labor Relations Manual (ELM) provides that the interest rate for back pay based on a

Board decision involving a nonpreference-eligible Postal Service employee, like the appellant, is the Federal Post Judgment Interest Rate as referenced in 28 U.S.C. § 1961. *Evans v. U.S. Postal Service*, 110 M.S.P.R. 58, ¶ 11 (2008); CF, Tab 8 at 10-11. Section 1961 provides the interest due shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment and that the interest shall be compounded annually. 28 U.S.C. § 1961(a); *Evans*, 110 M.S.P.R. 58, ¶ 11. The record reflects that the rate in effect the week before judgment was entered, on September 9, 2014, was 0.1 percent and that the agency used that rate to calculate the interest due. CF, Tab 8 at 12-14.

¶10 The agency concedes that at some point during a conference in late October 2014, the agency representative informed the appellant that interest on back pay would be calculated at a rate of 3.0 percent. *Id*. at 6-7 (declaration of agency representative). However, the record does not support the appellant's position that the parties agreed to that figure. Rather, it appears that, in response to the appellant's query regarding the amount of interest he would receive, the agency representative stated in error that the accounting department would calculate the interest on back pay at the 3.0 percent rate. *Id*. Subsequently, the agency representative learned that he was mistaken in his belief that 3.0 percent was the applicable rate, and he notified the appellant of his error. PFR File, Tab 1, Ex. E. We therefore find that the parties did not agree to a 3.0 percent interest rate and that the agency correctly applied a 0.1 percent rate pursuant to the ELM.

¶11 We also have considered the appellant's claim that the agency should have awarded interest on his gross pay. However, we agree with the administrative judge that the agency properly deducted taxes and retirement contributions before computing the interest due. *See Rivera-Silva v. U.S. Postal Service*, 82 M.S.P.R.

426, ¶ 9 (1999) (noting that the computation of interest is normally based on adjusted back pay after deductions for taxes and retirement have been made).

¶12     The appellant contends, moreover, that he should be credited with the annual leave he was "forced" to use for consultation and hearing purposes while he pursued his Board appeal in lieu of the "personal absence time" available to supervisory employees.  PFR File, Tab 1 at 2; CF, Tab 6 at 9-11.  It appears that the appellant is correct that, under section 519.732 of the ELM, personal absence time *may* be approved for up to half a workday.  PFR File, Tab 1, Ex. A.  However, he has not shown that he was entitled to personal absence time or administrative leave for purposes of pursuing his Board appeal.  Hence, to the extent the appellant expended annual leave for that purpose, he is not entitled to have it restored.  *See Forrest v. Department of Agriculture*, 74 M.S.P.R. 213, 220-23 (1997).

¶13     Finally, as to the appellant's claim that he should be reimbursed for various expenses he incurred, such as mileage, mailing fees, penalties for withdrawing his retirement funds, and lost work opportunities, the Back Pay Act does not authorize the Board to award these kinds of compensatory or consequential damages.  *Cunningham v. Department of Veterans Affairs*, 91 M.S.P.R. 523, ¶ 3 (2002).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                          Jennifer Everling
                          Acting Clerk of the Board

Washington, D.C.